T.C. Memo. 2002-75

UNITED STATES TAX COURT

THOMAS LOU HARRIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9515-00L.                     Filed March 27, 2002.

Thomas Lou Harris, pro se.

<u>Kenneth P. Dale</u>, for respondent.


MEMORANDUM OPINION

FOLEY, <u>Judge</u>:  The issue in this case is whether respondent

has met the requirements of section 6330.[1]

---

    [1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code as amended.

## Background

Thomas Lou Harris resided in Mount Vernon, Washington, when he filed his petition.  The assessments relate to his 1987, 1988, 1989, 1990, 1991, 1992, and 1993 Federal income tax liabilities (i.e., years in which petitioner did not file returns).  On September 11, 1998, respondent issued petitioner notices of deficiency relating to the years in issue.  Petitioner received, but did not seek redetermination of, the notices of deficiency.

On October 13, 1999, respondent sent petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing.  On October 27, 1999, petitioner filed a request for a Collection Due Process Hearing (i.e., Form 12153) stating that "No summary assessment has been provided as requested."

In a letter dated June 29, 2000, respondent's Appeals officer scheduled petitioner's hearing for July 14, 2000, at 8:30 a.m. and provided petitioner with the option of a face-to-face or a telephone hearing.  The letter also stated that petitioner had been provided with a copy of computer transcripts that identified the record of assessment and included data "identifying the tax periods, the taxpayer, taxable activities, list of tax owed as [it] appears on [the] record of assessment, and certifying officer."  Petitioner did not appear at the hearing or call the Appeals officer.

On August 8, 2000, the Appeals office sent petitioner a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 (determination) sustaining the proposed collection action. Respondent relied on the transcripts to verify the assessments. Prior to trial, respondent provided petitioner with copies of Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters (Forms 4340).

## Discussion

Section 6330(b)(1) provides that if a taxpayer requests a hearing, "such hearing shall be held by the Internal Revenue Service Office of Appeals." Section 6330(c)(1) states: "The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met." Petitioner received the notices of deficiency. Accordingly, the underlying liability is not at issue. Sec. 6330(c)(2)(B).

Petitioner contends that the computer transcripts were not adequate proof of assessment. Respondent contends that the Appeals officer did not abuse his discretion by relying on the transcripts to verify the assessments. We agree with respondent. The transcripts contained the requisite information (i.e., "identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of

the assessment", sec. 301.6203-1, Proced. & Admin. Regs.).
Kuglin v. Commissioner, T.C. Memo. 2002-51.

Petitioner further contends that he was not provided with the record of assessment. Where the Commissioner provides the taxpayer with Forms 4340 (i.e., proof of assessment) before trial, and the taxpayer does not "show at trial any irregularity in the assessment procedure that would raise a question about the validity of the assessments", the taxpayer is not prejudiced. Nestor v. Commissioner, 118 T.C. 163, 167 (2002). Prior to trial, petitioner received copies of the Forms 4340 relating to the years in issue. At trial, petitioner did not show any irregularity in the assessment procedure. Accordingly, we sustain the respondent's determination.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered
for respondent.